IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT HOVARTER, | No. 2:11-cv-3442-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| GODWIN UGWUEZE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1). Also pending is plaintiff's request for the appointment of counsel (Doc. 8) and motion for service of his complaint (Doc. 11).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

1

the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his Eighth Amendment rights have been violated by the defendants' deliberate indifference to his medical needs.  Specifically, he alleges defendant Ugwueze diagnosed him with Hepatitis C and prescribed a drug treatment program prematurely; defendant Pierre oversaw his Hepatitis C treatment, continuing the treatment even though it was ordered prematurely; and defendant Miranda failed to stop the treatment soon enough, then prescribed other unnecessary medication.  Plaintiff also names Warden McDonald and the Director of Corrections as defendants, but does not make any specific factual allegations against either.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

1 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and
2 conclusory allegations concerning the involvement of official personnel in civil rights violations
3 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the
4 plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
5 constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

6       Supervisory personnel are generally not liable under § 1983 for the actions of their
7 employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
8 respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional
9 violations of subordinates if the supervisor participated in or directed the violations.  See id.  The
10 Supreme Court has rejected the notion that a supervisory defendant can be liable based on
11 knowledge and acquiescence in a subordinate's unconstitutional conduct because government
12 officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct
13 and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949
14 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a
15 repudiation of constitutional rights and the moving force behind a constitutional violation may,
16 however, be liable even where such personnel do not overtly participate in the offensive act.  See
17 Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

18       When a defendant holds a supervisory position, the causal link between such
19 defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
20 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
21 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel
22 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
23 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
24 official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

25       Here, plaintiff does not allege any wrong doing by defendant McDonald or the
26 Director of Corrections.  The only mention of either of these defendants relates to their position

1 | as supervisors and their responsibility for the operation of the prisons and the treatment of all
2 | inmates.  Such allegations are insufficient to state a claim under § 1983.  As for the other
3 | defendants, Ugwueze, Pierre and Miranda, all three of these individuals are medical care
4 | providers involved in the medical treatment plaintiff received.

5 | The treatment a prisoner receives in prison and the conditions under which the
6 | prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
7 | and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
8 | 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of
9 | dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102
10 | (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
11 | Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
12 | "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,
13 | 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only
14 | when two requirements are met: (1) objectively, the official's act or omission must be so serious
15 | such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
16 | subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
17 | inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
18 | official must have a "sufficiently culpable mind."  See id.

19 | Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
20 | injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
21 | 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
22 | health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
23 | sufficiently serious if the failure to treat a prisoner's condition could result in further significant
24 | injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,
25 | 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
26 | Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

        The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

        Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

        Here, plaintiff is not claiming the defendants failed or refused to treat his medical condition resulting in the denial of medical treatment.  He also does not claim the treatment provided was the wrong treatment.  Rather, he acknowledges he has Hepatitis C, but claims the defendants treated the disease too soon.  He claims the defendants should have waited for signs that he was having liver failure before prescribing the treatment, and that the implementation of treatment too soon resulted in kidney failure.  He argues that the treatment prescribed and implemented was unnecessary and administered outside guidelines.  He claims it was caused by more than inadvertence, amounted to negligence and constitutes deliberate indifference.  He

attaches to his complaint an opinion from the Chief Medical Executive at High Desert State Prison that the treatment plaintiff was prescribed was within the range of acceptable medical procedures; while some protocols recommend waiting before starting such treatment, there are physicians who engage in the treatment plaintiff received.

Based on plaintiff's allegations, it appears that plaintiff disagrees with the treatment prescribed. However, a disagreement over the proper course of treatment does not rise to the level of an Eighth Amendment violation. At best, plaintiff's allegations indicate negligence or medical malpractice by beginning treatment early. There is nothing in plaintiff's complaint that gives any indication that the defendants acted with the deliberate intention to harm plaintiff, or with complete disregard to his medical needs. The defendants did not withhold necessary treatment, nor did they delay in providing treatment to the extent it caused additional damage. Rather, the defendants treated plaintiff's Hepatitis C. If that treatment was wrong, or administered too soon, plaintiff may have a medical malpractice claim, but the allegations do not rise to an Eighth Amendment violation.

### III. APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In the present case, the court does not at this time find the required exceptional circumstances.

## IV.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff will be required to show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 8) is denied;
2. Plaintiff's motion for service of the complaint (Doc. 11) is denied; and
3. Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.

DATED: July 5, 2012

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE