IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT HOVARTER, | No. 2:11-cv-3442-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| GODWIN UGWUEZE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On July 6, 2012, the court issued an order for plaintiff to show cause why this action should not be dismissed for failure to state a claim. Plaintiff has filed his response, and a motion for leave to file an amended complaint (Doc. 15).

Plaintiff argues that the court misunderstood his claims as set forth in his complaint. The court found plaintiff failed to state a claim for violation of his Eighth Amendment rights relating to the treatment he received for Hepatitis C. Plaintiff now states that his claims did not relate to the treatment he received for Hepatitis C, but rather to the lack of

1

treatment received for damage to his kidneys.  As such, plaintiff's complaint will be dismissed, but he will be provided with an opportunity to file an amended complaint to make his claims more clear.  Plaintiff is cautioned to read the court's prior order carefully, as it outlines what is required to state a claim for medical indifference, and who the appropriate defendants would be in such an action.  Only those individuals who are responsible for the treatment that was allegedly not rendered are appropriate defendants.  As the court understands plaintiff's complaint, several of the named defendants were prior medical providers, and therefore could not be involved in his current treatment, or lack thereof.

Plaintiff is also informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.  The order to show cause (Doc. 13) is discharged;

2.  Plaintiff's complaint is dismissed;

3.  Plaintiff's motion for leave to file an amended complaint (Doc. 15) is granted; and

4.  Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: August 8, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE